IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE


# THE ROGERS GROUP, INC. v. ANDERSON COUNTY, TENNESSEE, ET AL.

**Appeal from the Chancery Court for Anderson County**
**No. 95CH3256      Telford E. Forgety, Chancellor**

**FILED APRIL 1, 2003**

**No. E2002-00409-COA-R9-CV**

---

CHARLES D. SUSANO, JR., dissenting with respect to the majority's decision denying the appellant's petition for rehearing.


I have concluded that our original opinion released January 27, 2003, arrived at the wrong result. I reach this conclusion based upon my belief that, in our earlier opinion, we erroneously concluded that the trial court had before it a Tenn. R. Civ. P. 59 motion for a new trial *on all issues* and that it acted pursuant to Tenn. R. Civ. P. 63 to address that Rule 59 motion *on all issues*. The record before us reflects that this is not what happened.

It is clear to me, beyond any doubt, that the trial court concluded that the appellees' Rule 59 motion *only* addressed the issue of damages. I reach this conclusion based upon what the trial court said in its order entered February 11, 2003:

> The County has argued that its Motion to Alter or Amend should be construed as also challenging Chancellor Williams' liability finding. *Having reviewed Anderson County's motion, the Court finds that the motion timely challenged only that portion of the Judgment awarding monetary damages for an unconstitutional taking.*

(Emphasis added). My review of the appellees' Rule 59 motion and the record in this case persuades me that the trial court was correct in its interpretation of the import of this motion.

In addition to concluding that the appellees' Rule 59 motion had not sought a new trial on the issue of liability, the court, in the same order, went on to recite the relief that it was granting with respect to that motion:

The Court finds Anderson County's challenge to that portion of the Judgment entered December 21, 1998 . . . , that awarded monetary damages for an unconstitutional taking to be well taken and the motion is SUSTAINED. The Court hereby grants a new trial on the issue of monetary damages. At such new trial, the Court will consider all issues raised in Anderson County's Motion to Alter or Amend, or other issues that may be timely raised hereafter, to the extent that such issues may bear on the grant of monetary damages. Further, at such new trial the Court will consider damages to the date of such new trial.

(Capitalization in original).

After concluding its decree regarding the Rule 59 motion, the trial court, in its order, turned to a new section entitled "New Trial under Tenn. R. Civ. P. 63." The court's decree, expressly promulgated under Rule 63, provides, in pertinent part, as follows:

Nevertheless, the Court finds that a new trial on all issues is warranted for another reason. When there is a change in judges after the trial or hearing in a case has commenced, Tennessee Rule of Civil Procedure 63 requires the successor judge to certify his familiarity with the record and determine whether he can complete the proceedings in the case without prejudice to the parties. The Court has certified its familiarity with the record, but has determined that it cannot complete these proceedings without prejudice to the parties. The Court finds that the parties would be prejudiced if it held a new trial on damages only, rather than a new trial on all issues.

After the conclusion of the May 4, 2001, hearing, the Court continued thinking about this matter and considering all of the things that have happened and have not happened in this case.

*   *   *

For the reasons that follow, the Court has concluded that it is not comfortable that it can finish this trial without prejudice to the parties. . . .

The court is troubled by the procedural status of this case, and has previously expressed this concern at the November 28 hearing. . . . Further, if this Court grants the County a new trial on damages, it is effectively giving Rogers Group another chance to prove its damages as well. If there is going to be a new trial on the issue of damages,

2

> there should be a new trial on all issues, including liability. . . .
> Additionally, the Court is concerned that Chancellor Williams had the
> opportunity to see the property in making his ruling.
>
> Because of all these matters that trouble the Court, the Court has
> concluded that a new trial is necessary under Tennessee Rule of Civil
> Procedure 63. Anderson County's motion for a new trial on all issues
> under Tennessee Rule of Civil Procedure 63 is hereby GRANTED.

(Capitalization in original).

As previously noted, I agree with the trial court's reading of the appellees' Rule 59 motion. However, I disagree with what I perceive to be the court's perception of its role and responsibility under Rule 63. When Chancellor Forgety succeeded Chancellor Williams, the liability feature of this case had been concluded. There is no explanation in the record as to why the trial court, under new leadership, could not try the damage feature of the case unless it also re-tried the liability aspect of the case. Liability had been determined by Chancellor Williams and the losing parties – the appellees – had not sought a new trial on this issue. The case was then at a clear point of demarcation. This is when the new chancellor came into the picture. The remaining issue was that of damages. At that juncture, he was at liberty to hear any and all evidence relating to this remaining issue.

I am not persuaded by the trial court's core explanation:

> Further, if this Court grants the County a new trial on damages, it is
> effectively giving Rogers Group another chance to prove its damages
> as well. If there is going to be a new trial on the issue of damages,
> there should be a new trial on all issues, including liability.

Chancellor Forgety does not provide any factual findings to support his conclusion that there should be a new trial on liability. He seems to be saying that if he was going to try damages, then in fairness to the appellees, he should re-open the question of liability and try that issue as well. There is no explanation for this conclusion in the record before us. I believe the chancellor misconstrued the discretionary power granted to him in Rule 63. I do not believe it is enough to say, in the language of Rule 63, that the case cannot "be completed without prejudice to the parties." There has to be some factual predicate for this conclusion, and in this case, there is none. Rule 63 is not intended to give the new judge *carte blanche* to start all over again. If there is no reason to commence the proceedings anew, the new judge should pick up the proceedings where he or she finds them and conclude that which was not concluded by his or her predecessor. I would hold that Chancellor Forgety should have picked up where Chancellor Williams left off and concluded this case on the remaining issue of damages.

3

I believe the trial court erred in its interpretation and application of Rule 63. Accordingly, I would grant the appellant's petition, vacate our earlier ruling, reverse the trial court's grant of a new trial on the issue of liability, and remand for a new trial on damages only. Once the matter has been finally concluded below, the parties would then be at liberty to appeal any aspect of the case with which they disagreed, be it liability or damages.

_____
CHARLES D. SUSANO, JR., JUDGE